```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America,       :

       Plaintiff,           :    Case No. 2:13-cr-193(1)

   v.                          :    JUDGE PETER C. ECONOMUS

Rian R. Robb,                   :    Magistrate Judge Kemp

       Defendant.           :

## OPINION AND ORDER

    The defendant, Rian R. Robb, accompanied by counsel, appeared for a detention hearing on September 12, 2013.  After taking testimony, the Court concluded that the defendant should be released on conditions pending trial.  This order explains why.

    Defendant was indicted on August 20, 2013 and charged with unlawful possession of a firearm by a convicted felon.  That charge does not carry with it a presumption of detention.  The United States relied on testimony at the detention hearing and information in the Pretrial Services report in support of its request for detention.  The Court judged the United States' request under this standard:

    Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter</u> <u>alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee, and it must be held if the defendant is charged with certain crimes including the one involved in this case.  At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure

the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if ... the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence.  Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror.  See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

Special Agent Paris Wilson of the Bureau of Alcohol,

Tobacco, Firearms and Explosives testified at the hearing.  He explained the circumstances behind the charge - that defendant was pulled over by Reynoldsburg Police for suspected OMVI, that he fled, that at some point the officers lost sight of him, that they retraced his steps the day after the arrest, and that they found a gun somewhere along the escape route.  DNA has been obtained from both the gun and the defendant, but testing is not yet complete.

Agent Wilson was also asked about a drug distribution ring in Muskingum County which he has been investigating since 2012.  He stated that defendant is the suspected leader of this ring.  However, he did not identify a single fact or witness statement in support of his testimony on this point, and the Court therefore gave it no weight.

The only other evidence before the Court was the Pretrial Services report and one exhibit offered by the United States.  The report shows that defendant is thirty years old, is a lifelong resident of the central Ohio area, has a stable residence, could be subject to location monitoring if released, has been employed for the past year, and has some history of drug use (most recently marijuana), having completed drug treatment several years ago.  His criminal record was emphasized by the United States in its argument in favor of detention.  The significant portions of that record are convictions from 2005 on drugs and weapons charges and a 2008 conviction for accessory after the fact to murder.  The exhibit submitted by the United States relates to this last conviction and shows that defendant was originally charged as the principal offender but that he later pleaded guilty to being an accessory after the fact.  He received a five-year sentence but was released in 2010.  Since then, his only conviction is for reckless operation.

On this record, the Court does not view the question of

detention or release as a particularly close one.  The United States' argument relating to danger to the community was based in part on the possibility that defendant is the ringleader of a drug conspiracy, but it offered no credible proof on that issue, and certainly not clear and convincing evidence.  The accessory to murder conviction is troubling, as is the possibility that defendant possessed a weapon illegally, but the incident involved in this case happened a year and a half ago, and there is no evidence of any criminal activity on defendant's part since then. While firearm possession by a convicted felon does pose a danger to the community, Congress has chosen not to create a presumption against release in such cases, and placed the burden on the United States to prove danger by clear and convincing evidence. Given that the defendant was not actually in possession of the weapon when arrested for the traffic offense, and that testing of the DNA is not yet complete, the evidence on this charge is not the strongest the Court has ever seen.  Danger has simply not been proved by clear and convincing evidence.

    There is even less evidence of a risk of flight.  Defendant did fail to appear on one occasion in the murder case, but those charges were filed in South Carolina, a community where he had no ties.  His choice to flee when stopped for OMVI was not a wise one, but it does not persuade the Court that even with location monitoring defendant is at risk not to appear in Court. Other pertinent factors such as community ties, a stable residence, and employment favor release.  That is also what the Pretrial Services Officer recommends, under conditions which include drug testing and treatment, pretrial supervision, and location monitoring.  Those are sufficient, in the Court's view, to guard adequately against any risk of flight or non-appearance.  For these reasons, the Court concluded that the defendant's release on the conditions recommended by Pretrial Services is

appropriate.

The United States requested a stay of this order. The order is stayed until 5:00 p.m. on Tuesday, September 17, 2013, to permit the United States to file an appeal. If it does so, the stay is extended until the conclusion of the appeal. If it does not, the defendant shall be brought before the Court on September 18, 2013 for purposes of issuing the appropriate order setting conditions of release.


/s/ Terence P. Kemp
United States Magistrate Judge